Filed 6/27/25  P. v. Ehman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID ANTHONY EHMAN,<br><br>Defendant and Appellant. | C101978<br><br>(Super. Ct. No. LOD-CR-FE-2023-0012876) |

Appointed counsel for defendant David Anthony Ehman has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to him, we will affirm the judgment.

1

BACKGROUND

After Ehman repeatedly took food from a gas station convenience store without paying, the owner instructed his employees not to allow Ehman on the property. After the employees informed Ehman that he could no longer enter the store, he started a fire in a dumpster behind the store in the middle of the night. By the time the fire was put out, the dumpster was so badly burned that the owner had to replace it.

Later that day, Ehman entered the store and tried to pick up a lighter. An employee asked Ehman not to take anything and told him he was not allowed inside. Ehman grabbed a lighter and struggled with the employee over it before threatening to burn the store to the ground.

The People charged Ehman with arson of another's property (Pen. Code, § 451, subd. (d)),[1] making criminal threats (§ 422, subd. (a)), and attempted robbery (§ 211), and alleged that Ehman had previously been convicted of a serious felony within the meaning of section 1170.12, subdivision (b). At an arraignment hearing, the trial court struck the prior serious felony conviction allegation, finding that the alleged offense did not qualify as a serious felony.

After the preliminary hearing, Ehman was held to answer for arson and making criminal threats, but not for attempted robbery. Ehman's appointed counsel then declared a doubt as to his competence to stand trial. In response, Ehman moved to replace his counsel. The trial court denied his request, noting his counsel had a duty to report any doubts as to Ehman's competence. Ehman refused to speak to any of the three psychologists appointed to investigate his competency.

At the hearing to determine his competency, Ehman insisted that no doubt should have been declared as to his competency and that his speedy trial right had been violated.

---

[1] Undesignated statutory references are to the Penal Code.

2

Ehman refused to answer the court's questions about whether he preferred a jury trial or a court trial. Ehman's counsel requested a court trial on competency, at which the trial court found no evidence that Ehman was incompetent to stand trial and reinstated proceedings.

Prior to trial, the People filed an amended information alleging Ehman had previously been convicted of a serious felony within the meaning of section 667, subdivision (a), and alleging that two aggravating circumstances applied to each offense: Ehman's prior convictions were numerous or of increasing seriousness and he had served a prior prison term.

At trial, the jury found Ehman guilty of arson of another's property but not guilty of making criminal threats, and not guilty of the lesser included offense of attempted criminal threats. Ehman requested a court trial on the alleged prior serious felony and aggravating circumstances. During the bifurcated court trial, the prosecution moved to strike the prior serious felony conviction allegation on the ground that the underlying offense did not qualify as a serious felony, and the trial court granted the motion. The court then found both aggravating circumstances true.

The trial court sentenced Ehman to the middle term of two years in prison. The court awarded defendant 265 days of actual custody credit and 265 days of conduct credit, for a total of 530 days of presentence credit. The court imposed a $300 restitution fine, a $300 parole revocation restitution fine, and $70 in court operations and conviction assessment fees. Ehman filed a timely notice of appeal in September 2024. His opening brief was filed in March 2025, and this case became fully briefed on April 29, 2025.

DISCUSSION

Ehman's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) He was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. We have not

received any communication from Ehman. We have undertaken an examination of the record and conclude there is no arguable error that would result in a disposition more favorable to him.

DISPOSITION

The judgment is affirmed.

            /s/
            BOULWARE EURIE, J.

We concur:

     /s/
ROBIE, Acting P. J.

     /s/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.